UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

BRYON BURTON NEVIUS,               )
                                   )
        Plaintiff,                 )
                                   )
    vs.                            )        Case No.  4:22-cv-00953-AGF
                                   )
JP MORGAN CHASE BANK, N.A.. et al.,)
                                   )
        Defendants.                )

## MEMORANDUM AND ORDER

This matter is before the Court on the motions to dismiss filed by Defendants

JPMorgan Chase Bank N.A. ("Chase") and attorneys Michelle Masoner ("Masoner") and

Jennifer Donnelli ("Donnelli") (collectively, the "Chase Defendants") (ECF No. 50), and

by Defendants Millsap & Singer law firm ("Millsap") and attorney Scott Mosier

("Mosier") (collectively, the "Millsap Defendants") (ECF No. 52), to dismiss the self-

represented Plaintiff Bryon Burton Nevius's ("Nevius") complaint.  Nevius has also filed

several pro se motions, including (1) a motion for a temporary restraining order and

preliminary injunction (ECF No. 31),[1] (2) a motion to reconsider (ECF No. 44) the

Court's November 29, 2022 Order (ECF No. 30) denying Nevius's requests for entry of

default against the Millsap Defendants, (3) a motion to strike (ECF No. 57) the Millsap

---

[1]       Based on the agreement of the parties as discussed during a telephone conference
with Nevius and counsel for all Defendants held shortly after the motion for a TRO was
filed, and Nevius's agreement that he was not seeking immediate relief, the Court did not
hold an immediate hearing on Nevius's request for a TRO and instead directed the parties
to brief that motion in the ordinary course under the Federal Rules of Civil Procedure and
this Court's Local Rules.  *See* ECF No. 36.

Defendants' motion to dismiss as untimely, and (4) a motion for an Order to show cause (ECF No. 64) why the Millsap Defendants should be allowed to file a motion to dismiss. For the reasons set forth below, the Court will grant Defendants' motions to dismiss and deny each of Nevius's motions.

## BACKGROUND

This case arises out of Defendants' attempts to foreclose on Nevius's home.  On October 25, 2017, Chase filed an action for judicial foreclosure against Nevius in the United States District Court for the Western District of Missouri, Case No. 2:17-cv-04205-BCW (W.D. Mo.) (the "Foreclosure Action").

**Foreclosure Action Before the Western District**

The Foreclosure Action related to Nevius's alleged default with respect to a loan obtained from Chase in August 2007 to finance the construction of Nevius's residence in Moniteau County, Missouri.  Attorneys Donnelli and Masoner (named Defendants in the instant action) represented Chase in the Foreclosure Action.

Nevius asserted several counterclaims against Chase in the Foreclosure Action. These included counterclaims that Chase violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692, et seq., by misstating the amount or legal status of any debt and by using deceptive means in an attempt to collect a debt which was not owed to it; and that Chase violated the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. §§ 2601, et seq., by failing to respond to requests from Nevius for information concerning the loan.  In those counterclaims, Nevius sought to dismiss the Foreclosure

2

Action and also sought compensatory and statutory damages.

The Western District of Missouri dismissed Nevius's FDCPA counterclaim in January of 2019, upon finding that Nevius failed to plausibly allege that Chase was a debt collector. *See* Foreclosure Action, ECF No. 134. The Western District then granted summary judgment in favor of Chase as to Nevius's RESPA counterclaim and as to each of Chase's affirmative claims against Nevius. Foreclosure Action, ECF Nos. 183, 293 & 294. The Western District granted final judgment in favor of Chase on its complaint and each of Nevius's counterclaims on December 10, 2020. Foreclosure Action, ECF No. 316.

Following the entry of final judgment, Nevius proceeded to file a flurry of post-judgment motions in the Foreclosure Action. Among these was a motion for leave to bring claims against Chase's attorneys, Donnelli and Masoner, for forgery, fraud, and counterfeit in connection with their representation of Chase in the Foreclosure Action. Foreclosure Action, ECF No. 253. The Western District denied that motion for futility. Foreclosure Action, ECF No. 292.

Nevius thereafter filed several notices of appeal, each which were dismissed by the United States Court of Appeals for the Eighth Circuit for reasons that included failure to pay the filing fee and untimeliness. Foreclosure Action, ECF Nos. 379, 390. The Eighth Circuit thereafter denied Nevius's petitions for rehearing and issued its mandate in the Foreclosure Action. Foreclosure Action, ECF Nos. 380, 403.

After the Eighth Circuit's dismissal, Nevius continued to file post-judgment

3

motions before the Western District.  On January 6, 2022, Nevius moved for an Order

from the Western District to "Return All the Original Documents Mailed to Set-Off the

Alleged Debt"; then on February 7, 2022, Nevius filed an amended motion for an Order

"Directing JP Morgan Chase Bank N.A. to Either Return All Original Documents Mailed

to Set-Off the Debt or An Order To Discharge the Alleged Debt."  Foreclosure Action,

ECF Nos. 392 & 394.  In these motions, Nevius alleged that he tendered to Chase a

money order dated May 14, 2021, via certified mail, and that Chase did not use the

money order to discharge Nevius's debt and should have, accordingly, returned the

documents to Nevius or discharged Nevius's debt.

On April 5, 2022, the Western District denied Nevius's motions regarding his

alleged May 14, 2021 money order.  The Western District held:

> [Nevius] has filed numerous improper and frivolous motions since this case
> reached final judgment on December 10, 2020. The Court has denied the
> motions. (See Docs. #341, #368, #369). Furthermore, [Nevius] has made
> misrepresentations to the Court, including his representation in the instant
> motion that he submitted a money order to [Chase],where [Chase's] Exhibit
> A demonstrates [Nevius] did not submit a valid money order (Doc. #393-1),
> and [Nevius's] previous representation that the judgment entered against him
> was discharged when it had not, in fact, been discharged. (Doc. #342). The
> Court finds [Nevius's] post-judgment motions, when considered with the
> misrepresentations contained therein, demonstrate [Nevius's] filings are an
> abuse of the judicial process.

Foreclosure Action, ECF No. 406 at 1-2.  The Western District thereafter held that in

light of Nevius's repeated legally frivolous pleadings, any further pleadings from Nevius

would be returned unfiled unless the pleading was a notice of appeal or Nevius otherwise

first obtained leave of the court to file the pleading.  Foreclosure Action, ECF No. 406 at

4

3.  Nevius did not appeal the Western District's April 5, 2022 Order.

**Current Lawsuit Before this Court**

Nevius filed the instant complaint on September 9, 2022 against the Chase Defendants and against the Millsap Defendants, who represented Chase in its attempts to enforce the judgment entered in the Foreclosure Action.

Nevius asserts the following claims: (1) violation of RESPA, (2) violation of the MMPA, (3) abuse of process, (5) breach of contract, (6) breach of fiduciary duty, (7) constructive fraud, (8) negligence, (9) slander of title, (10) intentional infliction of emotional distress, (11) duress, (12) fraudulent misrepresentation, (13) fraudulent concealment, (14) fraud, and (15) conspiracy.  Nevius does not specify which claims are asserted against which Defendants.

Nevius alleges that Defendants violated RESPA and Missouri state law by misstating the amount or legal status of any debt owed by him; by using deceptive means in an attempt to collect the debt which Nevius alleges was not in fact owed; and by failing to respond to requests from Nevius for information concerning the loan.

Nevius further alleges that on May 14, 2021, he sent a "tender of payment" via private money order for $800,000 by regular mail to Jennifer Piepszak, CFO of Chase Bank for the setoff, discharge, and settlement of the loan that was at issue in the Foreclosure Action.  *Id.* at ¶¶ 37-38 (further alleging that "alternative methods and remedies" may be used to privately discharge debt "in lieu of using Federal Reserve Notes" and citing caselaw for the proposition that judgments may be paid in "coffee

5

beans").  Nevius also alleges that, on September 10, 2021 and October 8, 2021, he "faxed [to home office in New York] and demanded separate RESPA requests containing six (6) dissimilar questions on each request" and that "Defendant Chase never answered any of the questions for either date."  *Id.* at ¶ 40.

In the current lawsuit, Nevius invokes the Court's federal question jurisdiction under 28 U.S.C. § 1331 with respect to his RESPA claim but does not allege the basis for the Court's jurisdiction over his state-law claims.  Nevius alleges that he resides in Missouri and that the individual Defendants Donnelli, Masoner, and Mosier are all "Missouri attorneys."  ECF No. 1, Compl. at ¶¶ 6-7.  There is no indication in any of the pleadings before the Court that the parties are diverse for the purpose of diversity jurisdiction under 28 U.S.C. § 1332.

Nevius seeks injunctive relief to prohibit the foreclosure and also seeks compensatory and statutory damages.  He has also filed a motion for a TRO and preliminary injunction seeking to prohibit the foreclosure.

## DISCUSSION

### Nevius's Motions

1. Motion for Reconsideration, to Strike, and for an Order to Show Cause

Upon careful consideration, the Court will deny Nevius's motion for reconsideration with respect to the Court's November 29, 2022 Order denying entry of default against the Millsap Defendants for the reasons stated in that Order, including the "strong judicial policy against default judgments."  *See* ECF No. 30; *Oberstar v.*

6

*F.D.I.C.*, 987 F.2d 494, 504 (8th Cir. 1993).

The Court will likewise deny Nevius's motion to strike the Millsap Defendants' motion to dismiss and for an Order to show cause why the Millsap Defendants should be permitted to file any motion to dismiss.  Contrary to Nevius's assertion, the Millsap Defendants' motion to dismiss was not untimely.  The Court granted the Millsap Defendants' motion for an extension of time to respond to the complaint, and the Court gave these Defendants until December 16, 2022 to so respond.  *See* ECF Nos. 40 & 41. The Millsap Defendants thus timely filed their motion to dismiss on December 16, 2022. *See* ECF No. 52.  Nevius has not established any basis for striking the Millsap Defendants' motion to dismiss or for issuing an Order to show cause.

2. Motion for a TRO

Because the Court will dismiss this case for reasons discussed below, it must also deny Nevius's motion for a TRO and preliminary injunction.

**Motions to Dismiss**

To survive a motion to dismiss for failure to state a claim, a plaintiff's allegations must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  The reviewing court accepts the plaintiff's factual allegations as true and draws all reasonable inferences in favor of the nonmoving party.  *Torti v. Hoag*, 868 F.3d 666, 671 (8th Cir. 2017).  But "[c]ourts are not bound to accept as true a legal conclusion couched as a factual allegation, and factual allegations

7

must be enough to raise a right to relief above the speculative level." *Id.*

A "pro se complaint must be liberally construed," meaning that "if the essence of an allegation is discernible, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 849 (8th Cir. 2014) (quoting *Stone v. Harry*, 364 F.3d 912, 915 (8th Cir. 2004)).  However, pro se plaintiffs "still must allege sufficient facts to support the claims advanced," and a district court is not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint." *Stone*, 364 F.3d at 914-15.

The Chase Defendants and Millsap Defendants all argue that each of Nevius's claims is barred by res judicata or collateral estoppel and that, in any event, each is barred by the applicable statute of limitations and each fails to state a claim.  Nevius has opposed both motions.

1. Federal RESPA Claim (Count 1)

The defenses of res judicata (claim preclusion) and collateral estoppel (issue preclusion) "may be raised in a motion to dismiss when the identity of the two actions can be determined from the face of the petition itself," including "public records and materials embraced by the complaint and materials attached to the complaint." *C.H. Robinson Worldwide, Inc. v. Lobrano*, 695 F.3d 758, 763-64 (8th Cir. 2012) (internal citations omitted).

8

"[F]ederal common law guides the claim preclusion analysis in federal question cases." *In re Bair Hugger Forced Air Warming Devices Prod. Liab. Litig.*, 999 F.3d 534, 537 (8th Cir. 2021). "Under federal common law, the doctrine of res judicata, or claim preclusion, applies when (1) the first suit resulted in a final judgment on the merits; (2) the first suit was based on proper jurisdiction; (3) both suits involve the same parties (or those in privity with them); and (4) both suits are based upon the same claims or causes of action." *Elbert v. Carter*, 903 F.3d 779, 782 (8th Cir. 2018). "[W]hether two claims are the same for res judicata purposes depends on whether the claims arise out of the same nucleus of operative fact or are based upon the same factual predicate." *Id.* "[A] final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Id.*

Nevius's RESPA claim is barred by res judicata. The Foreclosure Action resulted in a final judgment on the merits following the Western District's rulings and the Eighth Circuit's dismissal of Nevius's appeal. There is no dispute that the Western District's judgment was properly based on both federal question jurisdiction and diversity jurisdiction.[2] The Foreclosure Action involved the same parties or their privies because they both involved Nevius and Chase, and the other named Defendants in this action are all Chase's attorneys and therefore in privity with Chase. *See Elbert*, 903 F.3d at 782–83

---

[2]     The Missouri attorneys named as Defendants in the instant case were not named parties in the Foreclosure Action, and there was complete diversity between the parties to the Foreclosure Action.

9

("[P]rivity is merely a word used to say that the relationship between the one who is a party on the record and another is close enough to include that other within the res judicata."); *Talley v. U.S. Dep't of Lab.*, No. 19-00493-CV-W-ODS, 2020 WL 3966312, at \*12 (W.D. Mo. July 13, 2020) (collecting cases for the widely accepted proposition an attorney and client are in privity for the purpose of preclusion analysis).[3]

Finally, Nevius's RESPA claim in this action is based on the same operative facts as his RESPA and other counterclaims asserted in the Foreclosure Action. In both actions, Nevius alleged that Chase improperly and deceptively serviced the loan at issue, misrepresented the amount or status of the debt, and failed to respond to Nevius's requests for information regarding the loan. *Compare* ECF No. 1 *with* Foreclosure Action, ECF Nos. 20 & 48.

In response to Defendants' motions to dismiss, Nevius argues that res judicata does not apply because his RESPA claim is actually based on his May 2021 "tender" of payment and his letters sent to Chase on September 10, 2021 and October 8, 2021, both of which Nevius states "related to the private money order sent in May of 2021." ECF No. 61 at 13. Nevius argues that Defendants violated RESPA by failing to return his tender of payment and failing to discharge or set-off his debt in exchange for the

---

[3]     Further, Nevius has not plausibly alleged that any Defendant other than Chase is subject to RESPA, which applies only to loan servicers. *See* 12 U.S.C. § 2605. Nor has Nevius explained how these Defendants violated any provision of RESPA, even assuming that RESPA could apply to them. So even if these Defendants were not in privity with Chase for preclusion purposes, Nevius's RESPA claim against them should be separately dismissed for failure to state a claim.

10

payment. *Id.* at 7.  But Nevius litigated this issue in the Foreclosure Action and did not appeal the Western District's ruling, based on its review of the purported money order, that Nevius did not submit a valid money order to Chase.  And Nevius has not disputed that he could have added any additional claims he had with respect to follow-up letters sent regarding the purported money order, or that he could have but did not appeal the Western District's ruling that the money order was invalid.  The Court concludes that the Western District's Order relating to the purported money order was a final decision on the merits that bars Nevius's current claims.[4]  *See, e.g.*, *Kramer & Frank, P.C. v.*

---

[4]     Collateral estoppel or issue preclusion would also bar any claim regarding Chase's alleged failure to respond to Nevius's tender, as Nevius fully and fairly litigated that issue before the Western District and failed to appeal the court's adverse finding.  *See In re D'Amato*, 341 B.R. 1, 3 (B.A.P. 8th Cir. 2006) (describing elements of issue preclusion).

        Further, even if Nevius's claims related to the money orders and subsequent letters thereto were not barred by res judicata or collateral estoppel, the Court would find that Nevius has not plausibly alleged that RESPA applied to those documents in the first place.  *See* 12 U.S.C. § 2605(e)(1)(B) (limiting RESPA to "qualified written requests," defined as "written correspondence, other than notice on a payment coupon or other payment medium supplied by the servicer, that (i) . . . enables the servicer to identify, the name and account of the buyer; and (ii) includes a statement of the reasons for the belief of the borrower, to the extent applicable, that the account is in error or provides sufficient detail to the servicer regarding other information sought by the borrower"); *Hill v. U.S. Bank Home Mortg.*, No. 8:22CV299, 2022 WL 6720581, at *6 (D. Neb. Oct. 11, 2022) (holding that complaint was insufficient to give rise to a plausible RESPA claim where the plaintiff "provide[d]  absolutely no detail about the substance of any alleged communication including which Defendants the alleged QFR was made to or when the alleged QFRs were made," and instead merely "parrot[ed] statutory language of the claims").

*Wibbenmeyer*, No. 4:05CV2395RWS, 2007 WL 956931, at *3 (E.D. Mo. Mar. 6, 2007) (holding that failure to appeal renders a judgment final on the merits).

  2. Remaining State-Law Claims

  Although Nevius has not alleged the basis for the Court's jurisdiction over his state-law claims, a district court exercising original jurisdiction over federal claims also has supplemental jurisdiction over state claims which "form part of the same case or controversy" as the federal claims. 28 U.S.C. § 1367(a).  However, "[i]n the usual case where all federal claims are dismissed on a motion for summary judgment, the balance of factors to be considered under the supplemental jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims."  *Starkey v. Amber Enterprises, Inc.*, 987 F.3d 758, 765 (8th Cir. 2021) (citation omitted); *see also* 28 U.S.C. § 1367(c).  Given the early stage of this case and the Court's dismissal of the sole federal claim, the Court will exercise its discretion to decline supplemental jurisdiction over Nevius's state-law claims and to dismiss those claims without prejudice.

## CONCLUSION

  For the reasons set forth above,

  **IT IS HEREBY ORDERED** that Defendants' motions to dismiss are **GRANTED**.  ECF Nos. 50 & 52.  Count 1 is **DISMISSED with prejudice**. The Court declines to exercise supplemental jurisdiction over remaining counts, which are **DISMISSED without prejudice**.

**IT IS FURTHER ORDERED** that Plaintiff's motions for a temporary restraining order and preliminary injunction, for reconsideration, to strike, and for an order to show cause are all **DENIED**.  ECF Nos. 31, 44, 57 & 64.

All claims against all parties having been resolved, the Court will enter a separate Order of Dismissal.

AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 9th day of February, 2023.

13